Dina **SUPRIADJI**, Petitioner,

v.

**U.S. ATTORNEY GENERAL,**
Respondent.

No. 08–1167–ag.

United States Court of Appeals,
Second Circuit.

Dec. 18, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel; John J.W. Inkeles, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Newark, N.J., for Respondent.

Present JOSEPH M. McLAUGHLIN, GUIDO CALABRESI and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Dina Supriadji, a native and citizen of Indonesia, seeks review of a February 20, 2008 order of the BIA affirming the April 26, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein denying her application for asylum and withholding of removal.[1] *In re Dina Supriadji*, No. A97 852 723 (B.I.A. Feb. 20, 2008), *aff'g* No. A97 852 723 (Immig. Ct. N.Y. City Apr. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's fact-finding for substantial evidence, *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008), and review *de novo* questions of law and the application of law to undisputed fact, *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ Because Supriadji does not challenge the agency's determination that her asylum application was untimely, a determination that we generally lack jurisdiction to review, *see* 8 U.S.C. § 1158(a)(3),

we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Insofar as Supriadji challenges the denial of her withholding-of-removal claim, she must establish that the record compels the conclusion that she would "more likely than not" be persecuted on account of a protected ground. *Shao v. Mukasey*, 546 F.3d 138, 156 (2d Cir.2008) (internal quotation marks omitted).

■ Supriadji contends that the agency's determination that she had not suffered past persecution is not supported by substantial evidence. Petitioner's Br. at 8. We disagree. In fact, as the BIA found, while Supriadji "reportedly suffered harassment and insults over the years because of her Chinese ethnicity and Christian religion," she "did not suffer any serious injury or harm before coming to the United States." *In re Dina Supriadji*, No. A97 852 723, at 1 (B.I.A. Feb. 20, 2008). *See Ivanishvili v. United States Dep't of Justice*, 433 F.3d 332, 341–42 (2d Cir.2006) (distinguishing "harassment" from "persecution"). Because the record does not compel a contrary conclusion regarding past persecution, *see* 8 U.S.C. § 1252(b)(4)(B), we identify no error in that challenged determination.

■ Supriadji also contends that the agency inadequately addressed her claim of future persecution, which was based on pattern-or-practice evidence of a group similarly situated to her, *i.e.*, Chinese Christians in Indonesia. Petitioner's Br. at 21. We disagree. The IJ specifically stated that, based on the record, the IJ could not find "that the threat of harm to Chinese Christians by the government or forces it cannot control amounts to the necessary 'pattern and practice.'" *In re*

---

1. Supriadji did not request relief under the Convention Against Torture ("CAT").

**54**

*Dina Supriadji,* No. A97 852 723, at 11 (Immig. Ct. N.Y. City Apr. 26, 2006). Contrary to Supriadji's suggestion, this assessment of Supriadji's evidence found record support in a 2005 State Department Country Report on Human Rights Practices noting that the Indonesian government "officially promotes racial and ethnic tolerance," and that "[i]nstances of discrimination and harassment of ethnic Chinese declined compared with previous years." The BIA, in turn, explicitly agreed with the IJ's conclusion that Supriadji "failed to demonstrate that it is more likely than not that she would be persecuted on account of her Christian religion, Chinese ethnicity, or any other protected ground." *In re Dina Supriadji,* No. A97 852 723, at 1 (B.I.A. Feb. 20, 2008). The agency therefore considered Supriadji's argument, and that consideration, we conclude, is supported by substantial evidence. *See Shao v. Mukasey,* 546 F.3d at 164–66 (holding that BIA's determination that a petitioner failed to demonstrate a reasonable possibility of persecution was supported by substantial evidence where, *inter alia,* the BIA reasonably relied upon statements contained in State Department reports).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).